ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION REGARDING THE DUTY, IF ANY, OF A BOARD OF COUNTY COMMISSIONERS TO MAINTAIN AND IMPROVE THE STREETS OF A MUNICIPALITY UNDER THE PROVISIONS OF 11 O.S. 36-113 (1991). THE PROVISIONS OF 11 O.S. 36-113 HAVE BEEN CONSTRUED PREVIOUSLY IN SEVERAL ATTORNEY GENERAL OPINIONS, AND THE PRIMARY ISSUE NOW RAISED IN YOUR REQUEST IS ADDRESSED BY CLEARLY APPLICABLE STATUTORY LAW. ALSO, THE PROVISIONS OF 36-113 NECESSARILY REQUIRE A DETERMINATION OF FACTUAL ISSUES. BASED ON ALL OF THE FOREGOING, THIS OFFICE HAS DETERMINED THAT YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS NOT, THEREFORE, AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTIONS YOU HAVE RAISED.
INTRODUCTION
YOU INDICATED IN YOUR REQUEST THAT THE TOWN OF CHOUTEAU IS OF THE BELIEF THAT THE MAYES BOARD OF COUNTY COMMISSIONERS MUST MAINTAIN CHOUTEAU'S ROADS BECAUSE THE COUNTY RECEIVES STATE MONIES EACH YEAR FOR THE MAINTENANCE AND IMPROVEMENT OF COUNTY ROADS, AND CHOUTEAU'S ROADS ARE INCLUDED IN THE CALCULATION WHICH DETERMINES THE AMOUNT OF STATE MONIES THE COUNTY RECEIVES FOR THIS PURPOSE. THE TOWN APPARENTLY BELIEVES THAT 11 O.S. 36-113 (1991) IMPOSES A MANDATORY DUTY ON THE MAYES COUNTY BOARD OF COUNTY COMMISSIONERS TO USE A PROPORTIONATE SHARE OF THE STATE FUNDS RECEIVED TO MAINTAIN AND IMPROVE CHOUTEAU'S ROADS AND STREETS.
FOR PURPOSES OF THIS INFORMAL OPINION, I WILL ASSUME THAT THE "STATE MONIES" REFERRED TO IN YOUR REQUEST ARE THOSE STATE MONIES WHICH FLOW INTO THE COUNTY HIGHWAY FUND, PROVIDED FOR IN 69 O.S. 1503.1 (1991). THERE ARE MULTIPLE SOURCES OF FUNDS FOR THE COUNTY HIGHWAY FUND, ALL OF WHICH ARE PROVIDED FOR IN STATE STATUTES AND ARE COLLECTED BY THE STATE. THESE SOURCES ARE SET FORTH IN DETAIL IN A.G. OPIN. NOS. 63-159, 71-172 AND 89-042. FOR EXAMPLE, IN A.G. OPIN. NO. 89-042, THE ATTORNEY GENERAL EXPLAINED THAT, PRESENTLY, THE FUND SHARES IN THE MOTOR FUEL TAX (68 O.S. 501 ET SEQ., AS AMENDED), THE MOTOR FUEL/DIESEL FUEL IMPORTER FOR USE TAX (68 O.S. 601 ET SEQ., AS AMENDED), THE SPECIAL FUEL USE TAX (68 O.S. 701 ET SEQ., AS AMENDED), THE GROSS PRODUCTION TAX (8 O.S. 1001 ET SEQ., AS AMENDED), AND THE FEES, TAXES AND PENALTIES COLLECTED PURSUANT TO THE OKLAHOMA MOTOR VEHICLE LICENSE AND REGISTRATION ACT (47 O.S. 1101 ET SEQ., AS AMENDED).
IN ESSENCE, THEN, YOUR REQUEST PRESENTS THE SINGULAR ISSUE OF WHETHER A BOARD OF COUNTY COMMISSIONERS, PURSUANT TO 11 O.S. 36-113, HAS A DUTY TO IMPROVE AND MAINTAIN THE STREETS AND ROADS OF A TOWN WITH A POPULATION OF LESS THAN 2,500, AND TO UTILIZE A PROPORTIONATE SHARE OF ITS COUNTY HIGHWAY FUND TO ACCOMPLISH THIS TASK.
II. TITLE 11 O.S. 36-113 IS AN EXCEPTION TO THE GENERAL RULE THAT COUNTIES HAVE NO JURISDICTION TO MAINTAIN STREETS WITHIN THE BOUNDARIES OF A MUNICIPALITY. IT MANDATES THAT A BOARD OF COUNTY COMMISSIONERS SHALL, BY AGREEMENT WITH THE GOVERNING BODY OF A MUNICIPALITY WITH LESS THAN 2,500 PERSONS, MAINTAIN, REPAIR AND IMPROVE THE STREETS OF THAT MUNICIPALITY AND AUTHORIZES THE USE OF THE COUNTY HIGHWAY FUND TO DO 80. HOWEVER, 36-113 DOES NOT IMPOSE A MANDATORY DUTY UPON A BOARD OF COUNTY COMMISSIONERS TO UTILIZE THE COUNTY HIGHWAY FUND TO PERFORM SUCH MAINTENANCE, REPAIRS OR IMPROVEMENTS.
INITIALLY, IT SHOULD BE NOTED THAT IT IS A WELL-RECOGNIZED GENERAL RULE THAT A BOARD OF COUNTY COMMISSIONERS CAN EXERCISE ONLY SUCH POWERS AS ARE CONFERRED UPON IT BY THE ORGANIC OR STATUTORY LAWS OF THE STATE, OR SUCH AS MAY ARISE BY NECESSARY IMPLICATION FROM AN EXPRESS GRANT OF POWER. LAIRMORE V. BOARD OF COUNTY COM'RS, 195 P.2D 762 (OKLA.1948). IN SHORT, FOR A BOARD OF COUNTY COMMISSIONERS TO HAVE JURISDICTION TO MAINTAIN THE STREETS OF A MUNICIPALITY, THERE MUST BE SOME CORRELATIVE STATUTORY GRANT OF AUTHORITY. IN THIS REGARD, THE GENERAL RULE IS THAT COUNTY COMMISSIONERS HAVE NO JURISDICTION TO MAINTAIN STREETS WITHIN A MUNICIPALITY. TERRY V. EDGIN, 561 P.2D 60, 65 (OKLA.1977). HOWEVER, THERE ARE STATUTORY EXCEPTIONS TO THIS GENERAL RULE, INCLUDING 11 O.S. 36-113. A.G. OPIN NO. 63-159. SEE ALSO A.G. OPIN NO. 71-294.
SECTION 36-113 NOW PROVIDES:
(TEXT OF STATUTE)
THE UNDERSCORING SHOWS LANGUAGE ADDED BY OKLA. SESS. LAWS 1989, C. 162, 1.
INITIALLY, THE MANDATORY NATURE OF 36-113 MUST BE NOTED. IT INDICATES IN REFERENCE TO TOWNS OF LESS THAN 2,500 THAT A BOARD OF COUNTY COMMISSIONERS "SHALL, BY AGREEMENT . . ., CONSTRUCT, IMPROVE, REPAIR OR MAINTAIN . . STREETS OF THE MUNICIPALITY." (EMPHASIS ADDED.) PURSUANT TO RULES OF STATUTORY CONSTRUCTION, THE USE OF THE WORD "SHALL" IN A STATUTE IMPLIES A COMMAND OR MANDATE AND RULES OUT THE IDEA OF DISCRETION. MORTON V. ADAIR COUNTY EXCISE BD., 780 P.2D 707 (OKLA.1989). IT IS NORMALLY CONSIDERED AS A LEGISLATIVE MANDATE EQUIVALENT TO THE TERM "MUST." FOREST OIL CORP. V. CORPORATION COM'N OF OKLAHOMA, 807 P.2D ! 74 (OKLA.1990).
BASED ON THE FOREGOING, THE LANGUAGE OF 36-113 CLEARLY IMPARTS A MANDATORY DUTY UPON A BOARD OF COUNTY COMMISSIONERS TO IMPROVE AND MAINTAIN THE STREETS OF A MUNICIPALITY OF LESS THAN 2,500, ALBEIT BY AGREEMENT. HOWEVER, THE NATURE OF 36-113 IN RELATION TO THE USE OF THE COUNTY HIGHWAY FUND TO PERFORM THIS DUTY IS QUITE DIFFERENT.
PRIOR TO 1989, THE ATTORNEY GENERAL EXAMINED, ON AT LEAST TWO OCCASIONS, THE PROVISIONS OF 11 O.S. 36-113 AND ITS PREDECESSORS IN RELATION TO THE QUESTION OF WHETHER MAINTENANCE OF A MUNICIPALITY'S STREETS UNDER 36-113 WAS A PROPER USE OF THE COUNTY HIGHWAY FUND. IN A.G. OPIN. NO. 63-159, THE ATTORNEY GENERAL OPINED THAT THE COUNTY COMMISSIONERS COULD NOT LAWFULLY USE THE COUNTY HIGHWAY FUND TO MAINTAIN THE STREETS OF A MUNICIPALITY PURSUANT TO 36-113, THEN 11 O.S. 117.2 (1961). HOWEVER, THE ATTORNEY GENERAL STATED THEREIN THAT THE COUNTY COMMISSIONERS MAY, BY AGREEMENT WITH THE GOVERNING BODY OF A MUNICIPALITY WITH A POPULATION OF LESS THAN 2,500, PERFORM SUCH SERVICES IF THE MUNICIPALITY APPROPRIATED ITS OWN FUNDS FOR THE PURPOSE. IN OTHER WORDS, WHERE THE COUNTY AGREED WITH A MUNICIPALITY OF LESS THAN 2,500 TO MAINTAIN ITS STREETS, IT COULD DO SO, BUT ONLY AT THE EXPENSE OF THE MUNICIPALITY. IN A.G. OPIN. NO. 71-294, THE ATTORNEY GENERAL AFFIRMED A.G. OPIN. NO. 63-159 AND, AS A RESULT, FOUND THAT, UNLESS A MUNICIPALITY COULD RAISE THE NECESSARY FUNDS TO PAY FOR THE MAINTENANCE OF ITS STREETS BY THE COUNTY, THEN 36-113 HAD NO BENEFICIAL EFFECT AS FAR AS THE MUNICIPALITY WAS CONCERNED. IN OTHER WORDS, WHILE 36-113 DID PROVIDE AN EXCEPTION TO THE GENERAL RULE THAT COUNTIES HAVE NO JURISDICTION TO MAINTAIN A MUNICIPALITY'S STREETS, IT DID REQUIRE THAT THE MUNICIPALITY PAY FOR THE MAINTENANCE.
BY AMENDING 36-113 IN 1989, AS EVIDENCED BY THE PORTIONS OF THE STATUTE UNDERSCORED ABOVE, THE LEGISLATURE CLEARLY EVIDENCED ITS INTENT TO REMOVE THE NECESSITY OF ANY SUCH CONSIDERATION. THE AMENDMENT EXPRESSLY AUTHORIZED A COUNTY TO UTILIZE THE COUNTY HIGHWAY FUND TO PERFORM MAINTENANCE OF STREETS WITHIN A MUNICIPALITY OF LESS THAN 2,500. IT ALSO PROVIDED THAT THE MUNICIPALITY MAY OR MAY NOT HAVE TO BEAR ANY COST OF SUCH MAINTENANCE. HOWEVER, THESE STATUTORY AUTHORIZATIONS ARE MADE DEPENDENT ON AGREEMENTS BETWEEN THE COUNTY AND THE MUNICIPALITY. EVEN MORE IMPORTANTLY, THEY ARE PERMISSIVE IN NATURE, I.E., THE RELEVANT STATUTORY LANGUAGE PROVIDES THAT, IF SO AGREED, "THE COST TO . . . MAINTAIN ANY OF THE STREETS OF THE MUNICIPALITY MAY BE PAID OUT OF THE COUNTY HIGHWAY FUND." (EMPHASIS ADDED). UNDER GENERAL RULES OF STATUTORY CONSTRUCTION, THE USE OF THE WORD "MAY," RATHER THAN THE WORD "SHALL," MAKES THE RELEVANT PROCEDURE PERMISSIVE AND NOT MANDATORY. STATE EX REL. CARTWRIGHT V. OKL. NATURAL GAS, 640 P.2D 1341 (OKLA.1982).
BASED ON THE FOREGOING RULE, IT APPEARS THAT 36-113, WHILE PERMITTING THE USE OF THE COUNTY HIGHWAY FUND BY A BOARD OF COUNTY COMMISSIONERS IN PERFORMING ITS DUTIES THEREUNDER, DOES NOT MANDATE THE USE OF THE FUND. EVEN THOUGH THE USE OF THE COUNTY HIGHWAY FUND IS NOT MANDATORY UNDER 36-113, THE MOST IMPORTANT FEATURE OF THE STATUTE IS THAT IT NOW DOES ALLOW A COUNTY AND A SMALL TOWN TO ENTER INTO AN AGREEMENT WHEREBY THE COUNTY HIGHWAY FUND MAY BE UTILIZED. PRIOR TO 1989, THIS OPTION WAS SIMPLY NOT AVAILABLE AND A MUNICIPALITY HAD TO EITHER PAY FOR THE COUNTY'S REPAIRS OR IMPROVEMENTS OR NOT HAVE THE BENEFIT OF 36-113.
FINALLY, IT SHOULD BE NOTED THAT THE ACTUAL TERMS OF ANY AGREEMENT ENTERED INTO PURSUANT TO 36-113 PRESENT QUESTIONS OF FACT THAT COULD NOT BE ANSWERED AS A MATTER OF LAW IN AN ATTORNEY GENERAL'S OPINION.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT 11 O.S. 36-113 (1991) MANDATES THAT A COUNTY MAINTAIN AND IMPROVE THE ROADS OF A MUNICIPALITY OF LESS THAN 2,500 AND PERMITS UTILIZATION OF THE COUNTY HIGHWAY FUND TO DO SO, IF IT IS DONE BY AGREEMENT. HOWEVER, THERE IS NOTHING IN 36-113 WHICH MANDATES THE USE OF THE COUNTY HIGHWAY FUND TO PERFORM SUCH MAINTENANCE. QUITE THE CONTRARY, THE USE OF THE COUNTY HIGHWAY FUND TO PERFORM SUCH MAINTENANCE APPEARS TO BE WHOLLY DISCRETIONARY, BUT MAY BE DONE PURSUANT TO AN AGREEMENT BETWEEN THE COUNTY AND THE MUNICIPALITY.
(WILLIAM D. LAFORTUNE)